UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS, | CASE NO. 1:11-cv-01189-GBC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| BRUCE COLEMAN, et al., | Doc. 1 |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On July 8, 2011, Plaintiff Michael B. Williams ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

The proceedings in forma pauperis statute states as follows: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*

1  *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted
2  as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

3        Plaintiff is a civil detainee. "[T]he rights afforded prisoners set a floor for those that must be
4  afforded . . . civil detainees." *McNeal v. Mayberg*, 2008 WL 5114650, at *4 (E.D. Cal. Dec. 3, 2008),
5  citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds) (quoting
6  *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982). *See also Semeneck v. Ahlin*, 2010 WL 4738065, at
7  *3 (E.D. Cal. Nov. 16, 2010); *Leonard v. Bonner*, 2010 WL 3717248, at *2 (E.D. Cal. Sep. 15,
8  2010); *Allen v. Mayberg*, 2010 WL 500467, at *5 (E.D. Cal. Feb. 8, 2010). Therefore, though
9  Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to determine
10 the rights afforded Plaintiff.

11       While prisoners proceeding pro se in civil rights actions are still entitled to have their
12 pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
13 now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
14 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
15 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
16 sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,
17 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
18 plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

19       Section 1983 provides a cause of action for the violation of constitutional or other federal
20 rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
21 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
22 between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at
23 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
24 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
25 only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing*
26 *v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

27 //
28 //

## II. Plaintiff's Complaint

### A. Allegations

In Plaintiff's complaint, he names defendants Bruce Coleman and Gabriel Diaz, Vocational Supervisors, and doe defendants 1-64, who were all employed at Coalinga State Hospital ("Coalinga"). Compl. at 1-3, Doc. 1.

Plaintiff purports to bring a class action, alleging failure to pay federal minimum wage and overtime to patient workers at the state hospital. *Id.* at 3.[1] Plaintiff completed a 12 week vocational training class. *Id.* at 6. Plaintiff has been awaiting a job assignment in the laundry since April 2007. *Id.*

Defendants pay Plaintiff wages for only two hours worked. *Id.* at 5. Defendants fail to report time premiums, fail to issue accurate wage stubs, and fail to pay wages due upon discharge. *Id.* Defendants entered into a conspiracy for the purposes of the wrongs alleged in the complaint. *Id.* at 9. Defendants commingled state funds with Coalinga. *Id.* at 10. Defendants failed to pay patient workers for time worked prior to or after their designated two hour shift. *Id.* Defendants did not pay gardener workers when it rained. *Id.* Defendants failed to maintain accurate records for hours worked. *Id.* Defendants should have to pay patient workers overtime for hours worked in excess of two hours per day or ten hours per week. *Id.* at 12. Defendants failed to provide meal and rest breaks. *Id.* at 17-18.

Plaintiff seeks injunctive relief, unpaid wages, and damages. *Id.* at 21.

### B. Class Action

Although it appears that Plaintiff purports to bring this as a class action on behalf of other patients at Coalinga, he is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Fymbo v. State Farm Fire & Casualty Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others. *E.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Fymbo*, 213 F.3d at 1321; *Johns*

---

[1] On May 3, 2012, Plaintiff filed a motion to dismiss the request for class certification. Doc. 8.

*v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

### C. Case or Controversy Requirement

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *Human Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010); *Chandler v. State Farm Mutual Auto. Ins. Co.*, 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. *Human Life of Washington Inc.*, 624 F.3d at 1000 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Related to standing is the doctrine of ripeness, which precludes from consideration injuries that are speculative and may never occur. *Chandler*, 598 F.3d at 1122. Ripeness is a question of timing and can be characterized as standing on a timeline. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc).

At the time Plaintiff filed this action, he was not working at Coalinga State Hospital and it is unclear when or if the allegations in the complaint will ever apply to Plaintiff. The mere existence of a rule or regulation does not satisfy the case or controversy requirement, *Thomas*, 220 F.3d at 1139, and therefore, Plaintiff's claims are unripe and are subject to dismissal for lack of subject matter jurisdiction. However, given the passage of time between the initiation of this suit and the issuance of the screening order, the Court will permit Plaintiff leave to amend in the event that this deficiency is curable. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### D. Minimum Wage for Civil Detainee Patient Workers

Plaintiff claims that whenever he may be employed, he will not be provided appropriate wages for services as an employed patient worker at Coalinga. Plaintiff claims that the wages received violate the Fair Labor Standards Act ("FLSA") and the Thirteenth Amendment (forced involuntary servitude).

//

### 1. FLSA

The FLSA requires employers to pay employees a minimum hourly wage and overtime pay. 29 U.S.C. §§ 201-19 (1988). In a non-prisoner case, the Supreme Court articulated an "economic reality test" to be considered in deciding if an employee-employer relationship exists. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961). In *Goldberg*, the Court held that a determination under the FLSA of whether an employment relationship exists should be based on the "economic reality" of the employment situation. The Court did not specify factors to be weighed in this evaluation. However, the Ninth Circuit, in deciding if an employer-employee relationship exists, has applied an "economic reality" test which identifies four factors: whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *See Gilbreath v. Cutter Biological Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991).

The proper starting point in a case such as this is the state's control over its civil detainees. Where the state provides the detainees' food, shelter, and clothing, gives permission for a detainee to be allowed the privilege of working, the state's absolute power over the detainee is a power that is not a characteristic of, but <u>inconsistent with</u>, the bargained-for exchange of labor which occurs in a true employer-employee relationship. *See Gilbreath*, 931 F.2d at 1325; *see also Allen v. Mayberg*, 2010 WL 500467, at *11 (E.D. Cal. Feb. 8, 2010). Plaintiff has not stated an economic need for the FLSA. Plaintiff has not stated facts to address any of the above factors. Thus, Plaintiff fails, and appears unable, to state a cognizable wage claim under the FLSA.

### 2. Thirteenth Amendment

The law is clear that prisoners may be required to work and that any compensation for their labor exists by grace of the state. *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) (citing *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963)); *Sigler v. Lowrie*, 404 F.2d 659 (8th Cir. 1968). There is no authority to justify a digression from this well-established law when the case involves a civil detainee rather than a prisoner. Further, Plaintiff's factual allegations fail to show that a civil detainee is forced to hold a job at Coalinga. Rather, the facts show that civil detainees are allowed vocational training when such positions become available. This implies a voluntary election to

1  participate in vocational training/placement. Accordingly, notwithstanding Plaintiff's current non-
2  employment status, he is unable to state a cognizable claim that he is being forced into involuntary
3  servitude in violation of the Thirteenth Amendment.

### E. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff names defendants Bruce Coleman and Gabriel Diaz, Vocational Supervisors. Plaintiff's allegations are insufficient to hold them liable based on their position of authority as Plaintiff has not alleged any facts linking him to acts or omissions, which suggest he participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against names defendants Bruce Coleman and Gabriel Diaz, based upon supervisory liability.

### F. Personal Participation and Doe Defendants

Plaintiff fails to allege any facts personally linking the doe defendants to the alleged rights violations. There is no evidence that the doe defendants personally participated in the events alleged

in Plaintiff's complaint, and a doe defendant cannot be held liable based solely upon a supervisory position. Plaintiff cannot proceed against this doe defendant unless he alleges how each personally violated, or knowingly directed a violation of his constitutional rights. Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

### G. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . " *Id.*

Plaintiff alleges conspiracy, but Plaintiff does not make any specific allegations regarding the conspiracy or the parties to the conspiracy. Therefore, his allegation is conclusory and there are no specific facts supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation that Defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

### H. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Since Plaintiff has failed to show that any violations rise to a constitutional level, the complaints that prison officials violated state regulations regarding patient workers will not support a claim under § 1983.

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

//
//
//
//
//
//
//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 6, 2012

_____
UNITED STATES MAGISTRATE JUDGE