# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRUCE COLEMAN, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:11-cv-01189-GBC (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 11 |

**I. Procedural History, Screening Requirement, and Standard**

On July 8, 2011, Plaintiff Michael B. Williams ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On September 7, 2012, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 10. On September 28, 2012, Plaintiff filed an amended complaint. Doc. 11.

The proceedings in forma pauperis statute states as follows: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Plaintiff is a civil detainee. "[T]he rights afforded prisoners set a floor for those that must be afforded . . . civil detainees." *McNeal v. Mayberg*, 2008 WL 5114650, at *4 (E.D. Cal. Dec. 3, 2008), citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007) (reversed on other grounds) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982). *See also Semeneck v. Ahlin*, 2010 WL 4738065, at *3 (E.D. Cal. Nov. 16, 2010); *Leonard v. Bonner*, 2010 WL 3717248, at *2 (E.D. Cal. Sep. 15, 2010); *Allen v. Mayberg*, 2010 WL 500467, at *5 (E.D. Cal. Feb. 8, 2010). Therefore, though Plaintiff is a detainee and not a prisoner, the Court may refer to the rights of prisoners to determine the rights afforded Plaintiff.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Plaintiff's Amended Complaint**

**A. Allegations**

In Plaintiff's amended complaint, he names defendants Arthur D. Fortin, Vocational Laundry Facilitator; Bruce Coleman, Hospital Vocational Supervisor; and Gabriel Diaz, Hospital Vocational Supervisor, employed at Coalinga State Hospital ("Coalinga"). Am. Compl. at 1, 3-4, Doc. 11.

Plaintiff states he was "allegedly forced" to perform at the state hospital from August 2, 2010 through August 31, 2012 for $1.00 per hour, 2 hours per day, 10 hours per week, for a total of 40 hours per month, for less than federal minimum wage and overtime compensation. *Id.* at 4. Plaintiff alleges defendants are liable on theory of respondeat superior, for the torts of its employees in execution of a government policy or custom. *Id.* at 5. Plaintiff alleges violations of the Thirteenth Amendment for failure to pay Plaintiff overtime wages under the California Labor Code, the Fair Labor Standards Act, failure to provide Plaintiff with pay reporting time premiums, or to provide accurate and itemized wage stubs. *Id.*

Plaintiff seeks injunctive relief, unpaid wages, and damages. *Id.* at 4, 6.

**B. Minimum Wage for Civil Detainee Patient Workers**

Plaintiff claims that whenever he may be employed, he will not be provided appropriate wages for services as an employed patient worker at Coalinga. Plaintiff claims that the wages received violate the Fair Labor Standards Act ("FLSA") and the Thirteenth Amendment (forced involuntary servitude).

**1. FLSA**

The FLSA requires employers to pay employees a minimum hourly wage and overtime pay. 29 U.S.C. §§ 201-19 (1988). In a non-prisoner case, the Supreme Court articulated an "economic reality test" to be considered in deciding if an employee-employer relationship exists. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961). In *Goldberg*, the Court held that a determination under the FLSA of whether an employment relationship exists should be based on the "economic reality" of the employment situation. The Court did not specify factors to be weighed in this evaluation. However, the Ninth Circuit, in deciding if an employer-employee relationship exists, has applied an "economic reality" test which identifies four factors: whether the alleged employer (1)

had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *See Gilbreath v. Cutter Biological Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991).

The proper starting point in a case such as this is the state's control over its civil detainees. Where the state provides the detainees' food, shelter, and clothing, gives permission for a detainee to be allowed the privilege of working, the state's absolute power over the detainee is a power that is not a characteristic of, but <u>inconsistent with</u>, the bargained-for exchange of labor which occurs in a true employer-employee relationship. *See Gilbreath*, 931 F.2d at 1325; *see also Allen v. Mayberg*, 2010 WL 500467, at *11 (E.D. Cal. Feb. 8, 2010). Plaintiff has not stated an economic need for the FLSA. Plaintiff has not stated facts to address any of the above factors. Thus, Plaintiff fails, and appears unable, to state a cognizable wage claim under the FLSA.

## 2. Thirteenth Amendment

The law is clear that prisoners may be required to work and that any compensation for their labor exists by grace of the state. *Vanskike v. Peters*, 974 F.2d 806, 809 (7th Cir. 1992) (citing *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963)); *Sigler v. Lowrie*, 404 F.2d 659 (8th Cir. 1968). There is no authority to justify a digression from this well-established law when the case involves a civil detainee rather than a prisoner. Further, Plaintiff's factual allegations fail to show that a civil detainee is forced to hold a job at Coalinga. Rather, the facts show that civil detainees are allowed vocational training when such positions become available. This implies a voluntary election to participate in vocational training/placement. Accordingly, notwithstanding Plaintiff's current non-employment status, he is unable to state a cognizable claim that he is being forced into involuntary servitude in violation of the Thirteenth Amendment.

### C. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff names defendants Arthur D. Fortin, Vocational Laundry Facilitator; Bruce Coleman, Hospital Vocational Supervisor; and Gabriel Diaz, Hospital Vocational Supervisor. Plaintiff's allegations are insufficient to hold them liable based on their position of authority as Plaintiff has not alleged any facts linking him to acts or omissions, which suggest he participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against names defendants Arthur D. Fortin, Vocational Laundry Facilitator; Bruce Coleman, Hospital Vocational Supervisor; and Gabriel Diaz, Hospital Vocational Supervisor, based upon supervisory liability.

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

//
//
//
//

1    Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS
2 that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon
3 which relief may be granted under § 1983.

5 IT IS SO ORDERED.

7 Dated:    December 26, 2012                                    _____
                                                                  UNITED STATES MAGISTRATE JUDGE